## Case No. 7,356.

### The JOHN LOWE.

[2 Ben. 394.][1]

District Court, E. D. New York. April, 1878.

BENEDICT, District Judge. This action is brought by Lewis H. Hoagland, to enforce an

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

alleged lien upon the canal-boat John Lowe, for a bill of repairs furnished to that vessel at the port of New Brunswick, N. J., in April, 1866. It is not disputed that the repairs were done upon the request of the owner who was then master, and that the vessel was a vessel foreign to the port where she was repaired—nor is it contended that they were not necessary. But it is contended, first, that the work was done upon the personal credit of the owner exclusively, and not upon the credit of the vessel, and consequently no lien was created; second, that if a lien did exist, it has been lost by laches.

It is unnecessary to determine the first of these defences, as I am of the opinion that the latter must prevail. It appears that the vessel was an Erie Canal boat, enrolled at New York, and her owner resided at Albany, in this state. At the time of the repairs she was engaged in making a trip through the Raritan Canal, and was at New Brunswick several times after incurring the debt in question. No steps were taken to enforce the lien during that season—nor during the winter—nor until August of the next season. In the spring of 1866, the vessel was mortgaged by her owner to one Griffin, who subsequently, and before the commencement of this action, sold her, under the mortgage, to the present claimant, who is a bonâ fide purchaser for value without notice of the existence of any such outstanding demand.

It also appears that the libellant saw the vessel once certainly in New Brunswick, after the time when the repairs were done, and not since; but it does not appear that any steps were taken by the libellant to find the vessel during the period between her last visit to New Brunswick and the bringing of his suit. When his suit was commenced, the vessel appears to have been found without difficulty, and there is no evidence in the case indicating any effort to keep her out of the way.

Upon such a state of facts, it must be presumed that with proper effort the vessel could have been found at any time, either at the place of her enrollment, or the residence of her owner, or upon the Erie Canal, where she is proved to have been employed after her last visit to New Brunswick.

When the nearness of the latter port to the port of New York is considered, and taking into view the habits of these boats and the nature of their employment, I am of the opinion that, in the absence of special circumstances, and as against a bonâ fide purchaser, the allowing a season to end, a winter to pass, and a new season to begin, without any effort to find the vessel for the purpose of enforcing the lien, should be held to be a waiver of it. A decree must accordingly be made dismissing the libel—but it will be without costs.